An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES BEN FRITSCHE,
Appellant,
vs.
NEVADA DEPARTMENT OF
CORRECTIONS; THE STATE OF
NEVADA; QUENTIN BYRNE; MRS.
FEIL; AND MRS. JENKINS,
Respondents.

No. 59415

FILED

FEB 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER AFFIRMING IN PART,
REVERSING IN PART AND REMANDING

This is a proper person appeal from a district court order dismissing a civil rights action. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge. As directed, respondents have filed a response.

Appellant filed an action alleging that his due process rights were violated when respondents refused to deliver a piece of his mail to him. On motion of respondents, the district court dismissed appellant's action on several grounds. First, the district court dismissed appellant's action as to all respondents on the ground that appellant had failed to properly exhaust his available administrative remedies before filing the complaint. Second, the district court dismissed the action as to respondent Quentin Byrne because appellant was improperly attempting to assert a respondeat superior theory of liability against Byrne. Third, the district court dismissed the action against respondents Byrne, Feil, and Jenkins in their official capacities because a state official cannot be sued in his or her official capacity under 42 U.S.C. § 1983 (1996). Lastly, the district court dismissed appellant's purported criminal claims as he did not have the authority to assert them. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-05076

In regard to the district court's conclusions that appellant had not exhausted his administrative remedies, the court found that appellant failed to comply with the time requirements for filing his grievances in this matter. In dismissing on that basis, the court cited NDOC AR 740.09(4), which states that an "inmate shall not be given additional time to re-submit the grievance in the proper form." (Emphasis omitted). While this citation was accurate, the district court failed to consider subsection (B) of NDOC AR 740.09(4), which provides that "[i]f the timeframe has been exhausted prior to the inmate receiving [notice that he or she used the wrong form in filing the grievance], the inmate has five (5) days from the date it was received to re-submit" the grievance.

Here, the record demonstrates that appellant timely filed his informal grievance and his signature on the denial of that informal grievance shows that it was returned to him on February 23, 2011. Appellant then timely attempted to appeal the denial of his informal grievance one day later, but initially filed this first level grievance on the wrong form. See NDOC AR 740.05(12)(A) (requiring an inmate to file an appeal from the denial of an informal grievance within five days of receiving the denial). On March 8, 2011, after the time for filing his first level grievance had expired, appellant received notice that the grievance had been filed on the wrong form. On the same day, appellant resubmitted his first level grievance on the correct form. Thus, although his first level grievance was not submitted on the proper form until after the expiration of the time to appeal the denial of this informal grievance, his first level grievance was nonetheless timely under the regulations. See NDOC AR 740.09(4)(B) (explaining that an inmate has five days to resubmit a grievance after receiving notice that he or she had failed to submit the grievance in the proper form). And when appellant's first level

grievance was denied as untimely, he timely filed a second level grievance. Thus, on consideration of the parties' arguments and the record on appeal and drawing all inferences in appellant's favor, we conclude that the district court erred in dismissing the action below for failure to properly exhaust available administrative remedies before the filing of the underlying action.[1] See Buzz Stew, LLC v. City of N. Las Vegas, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (explaining that this court rigorously reviews a dismissal for failure to state a claim, accepting all of the factual allegations in the complaint as true, and drawing all inferences in favor of the plaintiff).

In regard to the district court's dismissal of the action against respondent Byrne, we conclude that it properly dismissed the action against Byrne as appellant was improperly asserting a respondeat superior theory of liability against him. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (providing that a government official is not liable under respondeat superior for the unconstitutional actions of his subordinates); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (explaining that a supervisor's denial of a grievance alone does not amount to an active unconstitutional action for which he or she can be held liable).

---

[1]In their response, respondents argue that the dismissal was proper because appellant consented to the granting of the motion to dismiss by failing to oppose it. On the day that the order granting the motion to dismiss was filed, however, appellant filed a request for permission to respond to any "oppositions" filed by respondents, asserting that respondents frequently fail to serve dismissal motions on inmates, and thus, he wished to reserve his right to respond to any dismissal motions filed by respondents. Appellant did not seem to be aware that respondents had already filed a motion to dismiss. Under these circumstances, we conclude that appellant did not consent to the granting of the motion to dismiss.

Further, we conclude that the district court also properly dismissed the action against respondents Byrne, Feil, and Jenkins in their official capacities, see Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (explaining that a state official cannot be sued under 42 U.S.C. § 1983 in his or her official capacity), and, to the extent that appellant attempted to assert criminal claims against respondents, the district court properly dismissed those claims because appellant does not have the authority to bring a criminal action. See generally NRS 169.055 (explaining that a criminal action is brought by the state).

　　　　For the reasons set forth above, we affirm the district court's dismissal of the action against respondent Byrne and against respondents in their official capacities, and we affirm the dismissal of appellant's request that criminal charges be brought against the respondents. We reverse, however, the district court's dismissal of the remaining claims based on appellant's failure to exhaust his administrative remedies as against respondents Feil and Jenkins in their individual capacities and as against respondent Nevada Department of Corrections, and we remand these claims to the district court for proceedings consistent with this order.

　　　　It is so ORDERED.

　　　　　　　　　　　　　　　　　　_____, J.
　　　　　　　　　　　　　　　　　　Hardesty

　　　　　　　　　　　　　　　　　　_____, J.
　　　　　　　　　　　　　　　　　　Parraguirre

　　　　　　　　　　　　　　　　　　_____, J.
　　　　　　　　　　　　　　　　　　Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Richard Wagner, District Judge
          Charles Ben Fritsche
          Attorney General/Carson City
          Pershing County Clerk